MANTON–GAULIN MFG. CO. v. DAIRY MACHINERY & CONSTRUCTION CO.

(District Court, D. Connecticut.  March 5, 1913.)

No. 1,334.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—MACHINE FOR INTIMATELY MIXING MILK.

> The Gaulin patent, No. 756,953, for a machine for intimately mixing milk, by which all the butter globules are broken up and the milk homogenized, was not anticipated, and covers a pioneer invention; also *held* infringed.

In Equity.  Suit by the Manton-Gaulin Manufacturing Company against the Dairy Machinery & Construction Company.  On final hearing.  Decree for complainant.

Fish, Richardson, Herrick & Neave, of New York City, for complainant.

Gross, Hyde & Shipman, of Hartford, Conn., for defendant.

MARTIN, District Judge (orally).  This is a bill in equity, brought by the complainant, a corporation organized under the laws of the state of Maine and having its place of business in Maine, alleging infringement of letters patent No. 756,953, granted April 12, 1904, to one A. Gaulin, for a machine "for intimately mixing milk."  The defendant, the Dairy Machinery & Construction Company, is a New Jersey corporation, having its place of business at Derby, Conn.  The defendant's answer denies infringement, and specifies several prior inventions as covering the complainant's device.

I have examined the state of the art at the time the letters patent in suit were issued, particularly upon the plaintiff's claim that it is a pioneer patent for homogenizing milk, or, in other words, for the breaking up of the butter globules in milk.  Prior to the Gaulin patent, different machines had been invented for pulverizing and mixing liquids of different consistency, some by beating, some by mixing, and others by pressing through orifices; but I am unable to find any other patent adapted to the complete breaking down of all the globules of butter fat in milk.  The pressing of the milk through small holes will break up such of the globules of butter fat as may come in contact with the surface of the hole; but those that are inside, while they may change in form, will resume their shape after passing through.  The special object of the Gaulin patent is to break up all the globules, so there will be no separation in the milk thereafter, putting the milk in the condition that practically every part of it is exactly alike.  When in that condition, the flavor of the milk is improved, and, if sterilized and sealed, it will keep in good condition for long periods of time.  A process that does not break up all the globules of butter fat will not accomplish the result desired.  I am unable to find any machine capable of doing that, prior to the Gaulin patent.

By this patent the milk is forced between adjacent surfaces, which are concave and convex, and so arranged as to be adapted exactly one

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against the other. This process is pressing milk by means of pumps with great force in circular sheet form, and having that sheet of milk so thin that no globule of butter fat can escape being broken up. I think it is fairly established by the evidence that the complainant's machine was the pioneer in the complete homogenizing of milk.

The defendant's machine is also covered by patent, and is quite different in its mechanical construction; but I think, from the evidence before me, that it is plain enough that the inventor of that machine used the idea of completely breaking up the butter fat in milk that was developed in the Gaulin patent.

The exhibits of the two machines show quite plainly that the invention developed in the Gaulin patent is made use of by the defendant in its machine, and I should add nothing to the force of this opinion by entering into an analysis of the expert evidence bearing upon the prior art, or the different machines specified in the different patents by the defendant in its answer.

I understand that the defendant makes no claim but what the complainant's allegations as to the assignment of the Gaulin patent, and its ownership thereof. are as set forth in the complaint.

My conclusion is that the complainant is entitled to a decree.