**MANTON–GAULIN MFG. CO. v. WRIGHT–ZIEGLER CO. et al.**

(Circuit Court of Appeals, First Circuit. March 15, 1921.)

No. 1495.

1. **Patents ☞297(1)—Validity assumed, when other claims have been upheld.**
   In a suit for infringement of one claim of a patent, when another claim has been held valid in other courts, it will be assumed for the purposes of the case that the apparatus shown in the specification discloses inventive thought, and is a proper subject for a patent.

2. **Patents ☞167(1)—Specification held to limit patentee to particular form of device.**
   Where the specification of a patent for an apparatus for mixing milk and other similar liquids clearly disclosed that the novel and essential feature was that the adjustable surfaces were yielding surfaces, and that it was because of the elastic or yielding adjustment of the surfaces that the desired result was accomplished, and stated that the passage of the liquid through invariable orifices only gave an incomplete incorporation, a claim could not be upheld, if it called for fixed surfaces, necessitating an invariable orifice.

3. **Patents ☞328—756,953, for homogenizing device, claim 7, held valid, but not infringed.**
   The Gaulin patent, No. 756,953, claim 7, for an apparatus for intimately mixing milk and other liquids, consisting of an element having a reentrant conical surface, a complementary conical element, and means to force milk between them, *held* not invalid as unsupported by the specification, but also *held* not infringed.

   Aldrich, District Judge, dissenting in part.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit by the Manton-Gaulin Manufacturing Company against the Wright-Ziegler Company and others. From a decree for defendants, plaintiff appeals. Affirmed.

J. Lewis Stackpole and Frederick P. Fish, both of Boston, Mass. (H. M. Holmes, of Boston, Mass., on the brief), for appellant.

Fred L. Chappell, of Kalamazoo, Mich. (Chappell & Earle, of Kalamazoo, Mich., and Samuel D. Elmore, of Boston, Mass., on the brief), for appellees.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before BINGHAM and JOHNSON, Circuit Judges, and ALD-RICH, District Judge.

BINGHAM, Circuit Judge. The plaintiff is the owner of United States letters patent No. 756,953, issued April 12, 1904, to Auguste Gaulin, and complains of its infringement by the Wright-Ziegler Company, because of its selling a homogenizing machine made by the Union Steam Pump Company, which intervened as a defendant.

The patent is for an—

"improved apparatus for intimately mixing milk and other liquids more or less resembling it by means of the action produced by the passage of liquids more or less heterogeneous under considerable pressure through very small orifices."

The claim in issue is No. 7 and reads as follows:

"In a machine of the class described, an element having a re-entrant conical surface, a complementary conical element to fit the same, and means to force milk between them, substantially as described."

The defenses are invalidity, noninfringement, and res judicata.

The patent has been twice passed upon in the District Court for Connecticut (Manton-Gaulin Mfg. Co. v. Dairy Machinery Co., 203 Fed. 516; Manton-Gaulin Mfg. Co. v. Dairy Machinery & C. Co., Inc., 238 Fed. 210); once in the District Court for the Eastern District of Michigan, and by the Circuit Court of Appeals for the Second Circuit (Manton-Goulin Mfg. Co. v. Dairy Machinery & C. Co., 247 Fed. 317, 159 C. C. A. 411). Claim 2 was in issue in those cases and reads as follows:

"(2) In a machine of the class described, co-operating elements having squeezing surfaces, means to yieldingly hold the elements in contact, and means to force the milk between the surfaces, substantially as described."

[1] In all the cases the validity of the patent and of the claim then in issue was upheld. It will therefore be assumed for the purposes of this case that the approved apparatus shown in the specification discloses inventive thought and is a proper subject for a patent. The question then is whether the claim in issue is valid, and, if valid, whether it is infringed by the defendants' device.

[2] The plaintiff contends that, although a re-entrant conical valve is old, the combination is new and the claim valid, even though it does not state whether the surfaces of the conical valve, when in operation, yield one to the other, rendering the orifice of the valve variable, or whether the surfaces are rigidly fixed, rendering the orifice invariable, and that the plaintiff is at liberty, for the purpose of making the combination workable, to employ such means as may be disclosed in the specification for holding and adjusting the surfaces, or any suitable means that is common and well known in the art.

The defendants say, if the claim is valid, its language must be interpreted to mean that the conical surfaces are yielding and thus afford a variable orifice; that if the surfaces are nonyielding, so that the orifice, when the device is in operation, is fixed or invariable, as the plaintiff says the claim should be interpreted, the claim would not

be based upon the invention which Gaulin conceived, but upon a device the principle of which he disclaimed in his specification.

In our opinion the defendant's contention must be sustained. The specification discloses in no uncertain manner that the novel and essential feature in Gaulin's homogenizing device is that the adjustable surfaces, whether in the shape of a cone or otherwise, are yielding surfaces pressed elastically one against the other, and that it is because of the elastic or yielding adjustment of these surfaces between which the liquid is forced that he is enabled to reduce the size of the fatty globules in the liquid to the degree desired and accomplish the intermixture of the parts composing it. In his specification he states that—

"The passage of the liquid alone through invariable orifices, however fine they may be, only gives an incomplete incorporation."

And after setting forth the constructional arrangements entering into his specific device he says:

"But although these constructional arrangements above described are advantageous for the regular and perfect operation of the device, I reserve the right to modify them as circumstances may require, as long as the device remains in its essential characteristics of my invention—that is to say, the employment of surfaces for mixing pressed elastically one against the other, whatsoever be their forms or dimensions, and whatsoever their actuation with regard to the other parts. I may even suppress, in case it be required, any capillary portion with fixed channels."

Believing, as we do, that the specification shows that the gist of Gaulin's invention was the variable orifice due to the yielding surfaces, we are of the opinion that, if the claim must be read as calling for fixed surfaces necessitating an invariable orifice, it is not valid as it is not based upon the invention disclosed in the specification. If the combination of claim 7 is novel, and could be said to include a conical valve with fixed surfaces necessitating an invariable orifice, and the patentee had disclosed the elements composing this combination in his specification, he properly could have claimed it. But as he did not disclose a conical valve with nonyielding surfaces as a part of his device, but disclaimed it, he is not entitled to a claim based upon such a structure. Hide-ite Leather Co. v. Fiber Products Co., 226 Fed. 34, 36, 37, 141 C. C. A. 142; Northrop v. Draper Co., 239 Fed. 719, 723, 724, 152 C. C. A. 553.

[3] We are of the opinion, however, that the claim is valid; that, read in the light of the specification, the language of the claim, where the conical surfaces are spoken of and are required to fit one with another, and between which the milk is to be "forced, substantially as described," means that the milk is to be forced between surfaces which fit closely one to the other and permit the liquid to be forced through because of their yielding quality.

As thus construed, the defendants do not infringe the claim, for the conical surfaces of the defendants' device are not yielding, but fixed, and the orifice is invariable.

This result renders it unnecessary to consider the other questions presented by the assignments of error.

The decree of the court below should be affirmed, not because claim 7 is invalid, as there held, but for the reason that it is not infringed.

The decree of the District Court is affirmed, with costs in this court to the appellee.

ALDRICH, District Judge (dissenting in part). I concur with the majority in holding claim 7 valid, but disagree upon the question of infringement.

At the arguments in this case I was strongly impressed with the idea that Gaulin's conception was not only original, but meritorious, and while the conception was not pioneer, in the sense that it concerned a device which was to be first in the field with reference to mixing milk and other liquids, that it was pioneer in the sense that Gaulin originated the idea of forcing milk and cream, and other liquids, under high pressure, between very closely adjacent surfaces, under such circumstances as to successfully break down fatty globules contained in heterogeneous liquid, like milk or cream; and that the merit of the means which he described for doing it was such as to make the device a commercial success.

Further examination of the case confirms me in such views.

The fact that the mechanical structure made in accordance with Gaulin's original conception was the first to do such work successfully is sufficient to put it into the field of rules which govern pioneer patents, and therefore entitles the claim in question to a liberal construction, with the view of protecting the substantial features of the invention.

Judges in other circuits, in cases before them upon different claims of the Gaulin patent, have held to this view as to the character of the invention, and it seems to me to be the right one. A conception so far original and so meritorious as that of Gaulin should not lose protection as against a party who adopts the Gaulin idea and changes a little the mechanical means described.

It seems to me that the alleged infringing machine has the substantial characteristics of the Gaulin invention, and that the case should not be turned against the Gaulin conception because the alleged infringing machine is mechanically different in the particular pointed out in the majority opinion.

It would seem that Gaulin did not have in mind much elasticity, but, in the practical sense, rigidity, because he says in his specification that the flow was to be—

"between adjustable surfaces so arranged as to be adaptable exactly one against the other and maintained pressed elastically and strongly one against the other."

Thus the liquid was to be forced between surfaces, which were to be adapted exactly and pressed strongly one against the other.

Under that view, it does not seem that claim 7 should be so narrowly construed as to exempt a party from its operation—who has, in all essential respects, adopted the Gaulin conception as to high velocity and high pressure in the direction of surfaces closely adjacent one to the other, as well as the general ideas of construction and of means

as pointed out by Gaulin—because he has made the surfaces through which the liquid passes, and the orifice, mechanically, a little more rigid, or even altogether rigid.

Of course, if the Gaulin conception were a narrow one, and the circumstances were such as to require a literal construction in respect to precise mechanical means, the alleged infringing machine might, perhaps, be differentiated. But that is not the rule of construction which should be applied to an invention involving the merit that this one does.

Under the rule of construction which the circumstances of this case would seem to require, I cannot do otherwise than view the alleged infringing machine as one which differs only in mechanical detail from that covered by claim 7 of the Gaulin patent, because, aside from the mechanical detail referred to, the scheme is substantially that of Gaulin.

For these reasons I think the defendant's device is one which infringes the plaintiff's rights.